# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

TORI DAWN OTT, as next of kin and administrator )
and personal representative of the estate of decedent )
ALLEN RILEY OTT )    No. 1:21-cv-191
    )
        Plaintiffs )    Lee/Crytzer
    )
v. )
    )
CITY OF ATHENS, OFFICER JEREMY BOWMAN, in )
his individual and official capacities as an agent of the )
City of Athens and OFFICER BEAU SWAFFORD, in his )
individual and official capacities as an agent of )
the City of Athens )
    )
        Defendants )

---

## ANSWER OF JEREMY BOWMAN AND BEAU SWAFFORD

---

The defendants, Jeremy Bowman and Beau Swafford, answer the allegations in the Complaint as follows:

### I.

Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, it is denied Officers Bowman and/or Swafford violated Allen Ott's rights under the U.S. Constitution or are otherwise liable to the Plaintiff.

### II.

Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, it is denied Officers Bowman and Swafford were guilty of any wrongful act in

connection with Allen Ott's death. It is further denied that any act or omission of Officers Bowman and/or Swafford was the proximate or legal cause of Allen Ott's death.

### III.

Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, it is denied Officers Bowman and/or Swafford violated Allen Ott's rights under the U.S. Constitution, Tennessee law or are otherwise liable to the Plaintiff.

### IV.

In response to paragraph 4, it is admitted jurisdiction regarding the claims that arise under 42 U.S.C. §1983 is proper in the U.S. District Court for the Eastern District of Tennessee at Chattanooga.

### V.

In response to paragraph 5, it is admitted jurisdiction over the Plaintiff's state law claims is proper in the Circuit Court of McMinn County, Tennessee. At this time, Officers Bowman and Swafford do not object to jurisdiction in the U.S. District Court for the Eastern District of Tennessee at Chattanooga. However, Officers Bowman and Swafford reserve the right to move for remand of the state law claims upon resolution of the Plaintiff's federal claims.

### VI.

In response to paragraph 6, venue is not disputed.

It is admitted Allen Ott was a resident of and died in McMinn County, Tennessee.

It is admitted that at all relevant times Officers Bowman and Swafford acted as police officers and employees of the City of Athens, Tennessee.

It is denied Officers Bowman and Swafford are residents of McMinn County, Tennessee.

2

The remaining allegations are directed at another defendant, accordingly, no response from Officer Bowman and Swafford is required.

## VII.

In response to paragraph 7, it is admitted that at all relevant times Officers Bowman and Swafford acted as law enforcement officers and employees of the City of Athens, as defined in T.C.A. §29-20-102(2).

## VIII.

The allegations in paragraph 8 are denied.

## IX.

In response to paragraph 9, it is denied Officers Bowman and/or Swafford were guilty of any unlawful or otherwise wrongful acts or omissions in connection with Allen Ott's death.

It is further denied that any act or omission of Officers Bowman and/or Swafford were the proximate or legal cause of any alleged damage suffered by Allen Ott.

## X.

The allegations in paragraph 10 are denied.

## XI.

Officers Bowman and Swafford are currently without information sufficient to admit or deny the allegations in paragraph 11. Accordingly, proof is demanded.

## XII.

Officers Bowman and Swafford are currently without information sufficient to admit or deny the allegations in paragraph 12. Accordingly, proof is demanded.

3

XIII.

Officers Bowman and Swafford are currently without information sufficient to admit or deny the allegations in paragraph 13. Accordingly, proof is demanded.

XIV.

The allegations in paragraph 14 are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

XV.

The allegations in paragraph 15 are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

To the extent paragraph 15 alleges or infers Officers Bowman and/or Swafford are guilty of any unlawful or wrongful conduct or are otherwise liable to the Plaintiff, the same is denied.

To the extent paragraph 15 alleges or infers Officer Bowman and/or Swafford posed a risk of harm, had a pattern of violent and/or criminal behavior or did not seek medical care for Allen Ott, the same is denied.

XVI.

The allegations in paragraph 16 are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

XVII.

In response to paragraph 17, it is admitted that at all relevant times, Officers Bowman and Swafford acted as police officers and employees of the City of Athens, within the meaning of T.C.A. §29-20-102(2).

4

It is denied Officers Bowman and Swafford are liable to the Plaintiff in their individual capacities. Officers Bowman and Swafford reserve the right to seek attorney's fees pursuant to T.C.A. §29-20-113 upon dismissal of any claim arising under state law.

To the extent paragraph 17 alleges or infers Officers Bowman and/or Swafford are guilty of any unlawful or wrongful conduct or are otherwise liable to the Plaintiff, the same is denied.

The remaining allegations in paragraph 17 are legal conclusions or are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

XVIII.

In response to paragraph 18, it is admitted Officer Bowman responded to a residence located at 2319 Clearwater Road in Athens, Tennessee, in regard to a medical call. It would be shown that while in route to the residence, dispatch informed Officer Bowman that Allen Ott became aggressive and left the residence.

It is admitted Officer Bowman eventually discovered Allen Ott at the "Majestic" car wash at 15 Congress Parkway North in Athens, Tennessee.

While it is generally admitted that the medical call was in relation to Allen Ott having "taken too much medication," it is denied Officer Bowman had knowledge of the type of medication at the time he responded to the call.

XIX.

In response to paragraph 19, it is admitted that paramedics did respond to the "Majestic" car wash to evaluate the decedent.

5

XX.

In response to paragraph 20, it is admitted Allen Ott reported to Officer Bowman that he was assaulted by a white male wearing a black shirt.

It is admitted that Allen Ott reported he heard voices.

The remaining allegations in paragraph 20 are denied.

XXI.

In response to paragraph 21, it is admitted Officer Bowman asked Allen Ott if he had taken any substances.

The remaining allegations in paragraph 21 are denied.

XXII.

In response to paragraph 22, it is admitted Allen Ott told Officer Bowman he consumed 20 Wellbutrin.

It is admitted Officer Bowman told Allen Ott that Wellbutrin "doesn't usually have you acting like that."

It is admitted Allen Ott also told Officer Bowman that he had consumed methamphetamine.

The remaining allegations in paragraph 22 are denied.

XXIII.

In response to paragraph 23, it is admitted that Allen Ott was placed under arrest for public intoxication. It would also be shown that Officer Bowman placed Allen Ott in custody, in part, because Officer Bowman feared for Allen Ott's safety.

XXIV.

The allegations in paragraph 24 are denied.

6

XXV.

The allegations in paragraph 25 are denied.

XXVI.

In response to paragraph 26, it is admitted that Allen Ott reported to Officer Bowman that he was hearing voices, but Allen Ott did not complain of any other medical emergency.

XXVII.

In response to paragraph 27, it is admitted Allen Ott requested medical treatment after he initially denied medical care.

It is admitted emergency medical personnel loaded Allen Ott onto a gurney and into the back of an ambulance.

Officers Bowman and/or Swafford are currently without information sufficient to admit or deny the remaining allegations in paragraph 27.

XVIII.

The allegations in paragraph 28 are denied.

XIX.

In response to paragraph 29, it is admitted that EMTs transported Mr. Ott to Starr Regional Medical Center Emergency Room, where he was examined by medical personnel.

XXX.

In response to paragraph 30, it is admitted Officer Bowman remained with or near Allen Ott while Starr Regional Medical Center medical personnel evaluated Allen Ott.

7

## XXXI.

In response to paragraph 31, it is admitted that Officer Swafford arrived at the emergency room and spoke to Officer Bowman.

It is admitted Allen Ott remained on the gurney for a period of time in the emergency room.

The remaining allegations in paragraph 31 are admitted.

## XXXII.

The allegations in paragraph 32 are admitted. To the extent paragraph 32 alleges or infers these allegations are relevant or material to the Plaintiff's claims, the same is denied.

## XXXIII.

In response to paragraph 33, it is admitted that Officer Bowman was with or near Allen Ott while he was evaluated by medical personnel in the emergency room at Starr Regional Medical Center.

The remaining allegations in paragraph 33 are denied.

## XXXIV.

The allegations in paragraph 34 are admitted.

## XXXV.

The allegations in paragraph 35 are denied.

## XXXVI.

In response to paragraph 36, it is admitted that medical personnel at Starr Regional Medical Center medically cleared Allen Ott to transport to the McMinn County Justice Center.

## XXXVII.

The allegations in paragraph 37 are denied.

XXXVIII.

In response to paragraph 38, it is admitted Officer Bowman and emergency room personnel placed Allen Ott in the back of Officer Bowman's patrol vehicle.

It is denied Allen Ott did not resist Officer Bowman's efforts to place him into the back of Officer Bowman's patrol vehicle.

XXXIX.

The allegations in paragraph 39 are admitted.

It would be shown that prior to Allen Ott's transport to the emergency room, Officer Bowman attempted to move Allen Ott's hand restraints from his back to the front of his body, however, Allen Ott did not comply.

XL.

The allegations in paragraph 40 are admitted.

XLI.

In response to paragraph 41, it is admitted that a verbal exchange occurred that is generally consistent with what is contained in paragraph 41.

It would be shown the incident was captured on the body cameras of Officers Bowman and/or Swafford. To the extent the Plaintiff misquotes or incorrectly attributes a statement to an individual, Officers Bowman and Swafford reserve the right to show the same.

XLII.

Officers Bowman and Swafford deny the Plaintiff's characterization of Allen Ott's objective medical condition.

It would be shown that medical personnel were present and observed Allen Ott's actions.

9

## XLIII.

The Plaintiff's Complaint does not contain a paragraph 43.

## XLIV.

In response to paragraph 44, it admitted the Plaintiff was placed in the back of the patrol car.

It is admitted that at one point Allen Ott was laying on the front side of his body.

It is admitted the Plaintiff's hands were restrained behind his back.

## XLV.

The allegations in paragraph 45 are generally admitted.

It would be shown the incident was captured on the body cameras of Officers Bowman and/or Swafford. To the extent the Plaintiff misquotes or incorrectly attributes a statement to an individual, Officers Bowman and Swafford reserve the right to show the same.

## XLVI.

In response to the allegations in paragraph 46, it is generally admitted that medical personnel attempted to situate Allen Ott in such a way that would allow Officers Bowman and/or Swafford to close the doors to Officer Bowman's car.

## XLVII.

In response to the allegations in paragraph 47, it is generally admitted that Officer Bowman attempted to situate Allen Ott in such a way that would allow Officers Bowman and/or Swafford to close the doors to Officer Bowman's car.

It would be shown that Allen Ott kicked at Officer Bowman as Officer Bowman closed the rear passenger door to his car.

10

XLVIII.

In response to paragraph 48, it is admitted Officer Swafford pointed his flashlight inside the rear of Officer Bowman's car at or near Allen Ott.

The remaining allegations in paragraph 48 are denied.

XLIX.

The allegations in paragraph 49 are denied.

L.

The allegations in paragraph 50 are denied.

LI.

The allegations in paragraph 51 are denied.

It would be shown the incident was captured on the body cameras of Officers Bowman and/or Swafford. To the extent the Plaintiff misquotes what is depicted on the body camera footage, Officers Bowman and Swafford reserve the right to show the same.

LII.

The allegations in paragraph 52 are denied.

LIII.

The allegations in paragraph 53 are denied.

LIV.

The allegation in paragraph 54 are denied.

LV.

The allegations in paragraph 55 are admitted.

11

LVI.

The allegations in paragraph 56 are admitted.

LVII.

The allegations in paragraph 57 are denied.

LVIII.

In response to paragraph 58, it is generally admitted that a verbal exchange occurred that is consistent with what is contained in paragraph 58.

It would be shown the incident was captured on the body cameras of Officers Bowman and/or Swafford. To the extent the Plaintiff misquotes or incorrectly attributes a statement to an individual, Officers Bowman and Swafford reserve the right to show the same.

LIX.

The allegations in paragraph 59 are denied.

LX.

The allegations in paragraph 60 are denied.

LXI.

In response to paragraph 61, it is generally admitted that a verbal exchange occurred that is consistent with what is contained in paragraph 61.

It would be shown the incident was captured on the body cameras of Officers Bowman and/or Swafford. To the extent the Plaintiff misquotes or incorrectly attributes a statement to an individual, Officers Bowman and Swafford reserve the right to show the same.

## LXII.

In response to paragraph 62, it is admitted Officer Bowman stated he believed Allen Ott just did not want to go to jail. It would be shown that it was objectively reasonable for Officer Bowman to believe Allen Ott was not actually in medical distress based upon the totality of the circumstances, including the fact that he had just been cleared by medical professionals and the statements of the EMS worker present during this event.

## LXIII.

In response to paragraph 63, it is admitted that Officer Swafford observed Allen Ott bleeding. The remaining allegations in paragraph 63 are denied.

## LXIV.

The allegations in paragraph 64 are denied.

## LXV.

The allegations in paragraph 65 are denied.

## LXVI.

In response to paragraph 66, it is generally admitted that a verbal exchange occurred that is consistent with what is contained in paragraph 66.

It would be shown the incident was captured on the body cameras of Officers Bowman and/or Swafford. To the extent the Plaintiff misquotes or incorrectly attributes a statement to an individual, Officers Bowman and Swafford reserve the right to show the same.

## LXVII.

The allegations in paragraph 67 are denied.

13

LXVIII.

The allegations in paragraph 68 are denied.

LXIX.

In response to paragraph 69, it is admitted Officer Swafford discussed the possibility of going "Code 3" to the McMinn County Justice Center.

The remaining allegations in paragraph 69 are denied.

LXX.

The allegations in paragraph 70 are admitted. It is denied Officers Bowman and/or Swafford utilized their emergency lights and sirens while en route to the McMinn County Justice Center.

LXXI.

In response to paragraph 71, it is admitted Allen Ott was transported to the McMinn County Justice Center.

It is admitted Allen Ott's hands were restrained behind his back.

It is admitted Allen Ott laid in the back of the police car while on the way to the McMinn County Justice Center.

Officer Bowman and Swafford are currently without information sufficient to admit or deny the remaining allegations in paragraph 71.

LXXII.

The allegations in paragraph 72 are denied.

LXXIII.

In response to paragraph 73, it is admitted Officer Swafford contacted Corporal Kristen Warren and told her that Allen Ott was "hurting his self."

14

The remaining allegations in paragraph 73 are denied.

LXXIV.

The allegations in paragraph 74 are denied.

LXXV.

The allegations in paragraph 75 are denied.

LXXVI.

In response to paragraph 76, it is admitted Corporal Kristen Warren and Officer Swafford discussed restraining Allen Ott in Officer Bowman's car. It would be shown Officer Bowman was not a party to this conversation.

It is admitted that Allen Ott was not placed "upright" or belted into the seat of Officer Bowman's vehicle while he was transported to the McMinn County Justice Center.

The remaining allegations in paragraph 76 are denied.

LXXVII.

The allegations in paragraph 77 are denied.

LXXVIII.

The allegations in paragraph 78 are denied as written.

It is admitted that Allen Ott was unresponsive when Officer Bowman arrived at the sally port of the McMinn County Justice Center. Once Officers Bowman and/or Swafford realized the same, they immediately began to attempt to resuscitate Allen Ott.

LXXIX.

Officers Bowman and/or Swafford are currently without information sufficient to admit or deny the allegation in paragraph 79.

15

LXXX.

The allegations in paragraph 80 are denied.

LXXXI.

In response to paragraph 81, it is admitted multiple members of jail staff were at or around the scene at McMinn County Justice Center.

The remaining allegations in paragraph 81 are denied.

LXXXII.

The allegations in paragraph 82 are denied.

LXXXIII.

The allegations in paragraph 83 are denied.

LXXXIV.

The allegations in paragraph 84 appear to be directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

LXXXV.

Officers Bowman and Swafford are currently without information sufficient to admit or deny the allegations in paragraph 85.

LXXXVI.

Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 86 are admitted.

LXXXVII.

In response to paragraph 87, it is admitted Officer Bowman remains employed as a police officer for the City of Athens. It is denied Officer Bowman was not disciplined.

16

It is denied Officer Swafford remains employed by the City of Athens. It is denied Officer Swafford's change of employment was related to Allen Ott's death.

LXXXVIII.

No response to paragraph 88 is required.

LXXXIX.

The allegations in paragraph 89 are denied as written.

XC.

The allegations in paragraph 90 are denied.

XCI.

In response to paragraph 91, it is denied Officers Bowman and/or Swafford did not seek medical care for Allen Ott while in their custody.

It is denied Officers Bowman and/or Swafford were callous towards Allen Ott.

The remaining allegations in paragraph 91 are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

XCII.

The allegations in paragraph 92 are denied.

XCIII.

The allegations in paragraph 93 are legal conclusions to which no response is required.

To the extent paragraph 93 alleges or infers Officers Bowman and/or Swafford were guilty of unlawful or wrongful conduct or are otherwise liable to the Plaintiff, the same is denied.

XCIV.

No response to paragraph 94 is required.

17

## XCV.

In response to paragraph 95, it is admitted Officers Bowman and Swafford owed the Plaintiff a duty of care. It is denied they breached said duty.

## XCVI.

The allegations in paragraph 96 are denied as written.

It would be shown Allen Ott was examined by emergency professionals, cleared and released. It would further be shown, based upon the totality of the circumstances, that it was objectively reasonable for Officers Bowman and Swafford to believe Allen Ott was attempting to avoid transport to the McMinn County Justice Center.

## XCVII.

The allegations in paragraph 97 are denied as written.

It would be shown Allen Ott was examined by emergency professionals, cleared and released. It would further be shown, based upon the totality of the circumstances, that it was objectively reasonable for Officers Bowman and Swafford to believe Allen Ott was attempting to avoid transport to the McMinn County Justice Center.

## XCVIII.

The allegations in paragraph 98 are denied.

## XCVIX.

The allegations in paragraph 99 are admitted.

## C.

The allegations in paragraph 100 are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

18

To the extent paragraph 100 alleges or infers Officers Bowman and/or Swafford were guilty of unlawful or wrongful conduct or are otherwise liable to the Plaintiff, the same is denied.

CI.

The allegations in paragraph 101 are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

To the extent paragraph 101 alleges or infers Officers Bowman and/or Swafford were guilty of unlawful or wrongful conduct or are otherwise liable to the Plaintiff, the same is denied.

CII.

The allegations in paragraph 102 are directed at another defendant. Accordingly, no response from Officers Bowman and/or Swafford is required.

To the extent paragraph 102 alleges or infers Officers Bowman and/or Swafford were guilty of callous, unlawful or wrongful conduct or are otherwise liable to the Plaintiff, the same is denied.

CIII.

The allegations in paragraph 103 are denied.

CIV.

The allegations in paragraph 104 are denied.

CV.

In response to paragraph 105, it is admitted that at all relevant times, Officers Bowman and Swafford acted as police officers and employees of the City of Athens.

The remaining allegations in paragraph 105 are denied.

## CVI.

In response to paragraph 106, it is denied Officers Bowman and Swafford are liable to the Plaintiff in their individual capacities.

## CVII.

No response to paragraph 107 is required.

## CVIII.

Paragraph 108 contains legal conclusions to which no response is required.

## CIX.

The allegations in paragraph 109 are denied.

## CX.

The allegations in paragraph 110 are denied.

## CXI.

The allegations in paragraph 111 are denied.

## CXII.

In response to paragraph 112, it is denied Officers Bowman and Swafford are liable to the Plaintiff in their individual capacities.

## CXIII.

In response to the section of the Complaint beginning "Wherefore," it is denied that Plaintiff is entitled to the requested relief.

## CXIV.

The Complaint fails to state a claim upon which relief may be granted.

20

CXV.

Officers Bowman and Swafford rely upon the defense of qualified immunity.

CXVI.

Officers Bowman and Swafford would show their actions were objectively reasonable under the totality of the circumstances.

CXVII.

Officers Bowman and Swafford reserve the right to seek attorney's fees pursuant to 42 U.S.C. §1988 and/or T.C.A. §29-20-113.

CXVIII.

Officers Bowman and Swafford assert the comparative fault of Allen Ott.

CXIX.

Officers Bowman and Swafford reserve the right to amend this Answer pending discovery in this matter.

Respectfully submitted,

**ROBINSON, SMITH & WELLS, LLC**
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN   37450
Telephone:      (423) 756-5051
Facsimile:       (423) 266-0474

By:  /s/ Philip Aaron Wells
      Philip Aaron Wells, BPR# 036248
      Keith H. Grant, BPR #023274
      *Attorneys for Defendants,*
      *Jeremy Bowman and Beau Swafford*

21

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Robinson, Smith & Wells, PLLC

By: _/s/ Philip Aaron Wells_

cc: Robin Ruben Flores
Flores Law Office
4110-A Brainerd Road
Chattanooga, TN 37411
Telephone: (423) 267-1575

W. Neil Thomas, III
Thomas & Thomas
6148 Lee Highway, Suite 115
Chattanooga, TN 37421
Telephone: (423) 910-9100
*Attorneys for Plaintiffs*

Reid A. Spaulding, Attorney
Dan R. Pilkington, Attorney
Watson, Roach, Batson & Lauderback, PLC
P.O. Box 131
Knoxville, TN 37901-0131
*Attorney for Defendant, City
of Athens, Tennessee*

/RDW/PAW/ATHENSOTT/ANSWER