# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| TORIE DAWN OTT, as next of kin and administrator and personal representative of the estate of decedent ALLEN RILEY OTT (Deceased), | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 1:21-CV-00191-KAC-SKL |
| CITY OF ATHENS | ) |
| OFFICER JEREMY BOWMAN, In his individual and official capacities as an agent of City of Athens, | )<br>)<br>) |
| OFFICER BEAU SWAFFORD, In his individual and official capacities as an agent of City of Athens, | )<br>)<br>) |
| Defendants. | ) |

## ANSWER OF THE CITY OF ATHENS, TENNESSEE, AND OFFICERS JEREMY BOWMAN AND BEAU SWAFFORD IN THEIR OFFICIAL CAPACITIES

Defendants City of Athens, Tennessee, and Officers Jeremy Bowman and Beau Swafford, in their official capacities, hereby appear by and through counsel, and for their Answer to the Plaintiff's Complaint, states as follows:

1. In response to paragraph 1 of the Plaintiff's Complaint, it is admitted that the Plaintiff has filed suit against this Defendant and certain individual police officers. It is maintained that there is no basis for suit, and therefore, these allegations are denied as written.

2. In response to paragraph 2 of the Plaintiff's Complaint, it is admitted that the Plaintiff has filed suit against this Defendant and certain individual police officers. It is maintained that there is no basis for suit, and therefore, these allegations are denied as written.

3. In response to paragraph 3 of the Plaintiff's Complaint, it is admitted that the Plaintiff has filed suit against this Defendant and certain individual police officers. It is maintained that there is no basis for suit, and therefore, these allegations are denied as written.

4. In response to paragraph 4 of the Plaintiff's Complaint, jurisdiction is not disputed. It is however maintained that there is no basis for suit, and therefore, this suit should be dismissed by this Honorable Court.

5. In response to paragraph 5 of the Plaintiff's Complaint, it is maintained that Plaintiff's state law claims should be dismissed.

6. In response to paragraph 6 of the Plaintiff's Complaint and all subparts thereof, venue is not disputed. It is maintained however that there is no basis for suit in this case, and therefore, this case should be dismissed by this Honorable Court.

7. In response to paragraph 7 of the Plaintiff's Complaint, it is admitted that at all times relevant, Officers Jeremy Bowman and Beau Swafford were employed as law enforcement officers by the City of Athens, Tennessee and acting in their capacities as same. It is maintained that there is no basis for suit, and therefore, this matter should be dismissed.

8. In response to paragraph 8 of the Plaintiff's Complaint, these allegations are denied and strict proof is required thereof.

9. In response to paragraph 9 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to the City of Athens, Tennessee, they are denied as written and strict proof is required thereof.

10. In response to paragraph 10 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that

these allegations pertain to the City of Athens, Tennessee, they are denied as written and strict proof is required thereof.

11. In response to paragraph 11 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted. Furthermore, these allegations are outside of the course and scope of knowledge of this Defendant, therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof.

12. In response to paragraph 12 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted. Furthermore, these allegations are outside of the course and scope of knowledge of this Defendant, therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof.

13. In response to paragraph 13 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted. Furthermore, these allegations are outside of the course and scope of knowledge of this Defendant, therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof.

14. In response to paragraph 14 of the Plaintiff's Complaint and all subparts thereof, these allegations are generally admitted.

15. In response to paragraph 15 of the Plaintiff's Complaint and all subparts thereof, it is maintained that the City of Athens, Tennessee, created and maintains its police department which complies with all federal and State of Tennessee laws at all times relevant.

16. In response to paragraph 16 of the Plaintiff's Complaint, it is admitted that the Plaintiff has filed suit in this matter. It is maintained that there is no basis for suit against the City of Athens, Tennessee, and therefore, this Complaint should be dismissed.

17. In response to paragraph 17 of the Plaintiff's Complaint, it is admitted that the City of Athens, Tennessee, employed Officers Jeremy Bowman and Beau Swafford at all times relevant. It is also admitted that those Defendants acted in their capacity as City of Athens, Tennessee police officers. The remaining allegations contained in paragraph 17 of the Plaintiff's Complaint does not pertain to this Defendant, therefore, no answer is warranted and none is given.

18. In response to paragraph 18 of the Plaintiff's Complaint, these allegations are generally admitted.

19. In response to paragraph 19 of the Plaintiff's Complaint, it is admitted that emergency medical services did respond to the carwash to evaluate the decedent, Mr. Ott.

20. In response to paragraph 20 of the Plaintiff's Complaint, it is admitted that that Mr. Ott claimed that he had been struck by a person in a black shirt and that he claimed he heard voices. The remaining allegations contained in paragraph 20 are denied as written and strict proof is required thereof.

21. In response to paragraph 21 of the Plaintiff's Complaint, it is admitted that Officer Bowman asked Mr. Ott if he had taken any substances. The remaining allegations contained in paragraph 21 are denied as written and strict proof is required thereof.

22. In response to paragraph 22 of the Plaintiff's Complaint, it is admitted that Mr. Ott told Officer Bowman that he had consumed 20 Wellbutrin. It is also admitted Bowman told the Ott that Wellbutrin "doesn't usually have you acting like that" and he further asked Ott what he had taken. It is maintained that the decedent informed Officer Bowman and the EMTs on the scene that he had also taken methamphetamine. The remaining allegations contained in paragraph 22 are denied as written and strict proof is required thereof.

23. In response to paragraph 23 of the Plaintiff's Complaint, it is admitted that Officer Bowman placed Ott in custody for public intoxication and began walking him to his police car.

24. In response to paragraph 24 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

25. In response to paragraph 25 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

26. In response to paragraph 26 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

27. In response to paragraph 27 of the Plaintiff's Complaint, it is admitted that after initially stating that he did not need medical care, Ott did eventually request to go to the hospital. The identities of the specific emergency medical service workers are currently outside of the course and scope of knowledge of this Defendant.

28. In response to paragraph 28 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

29. In response to paragraph 29 of the Plaintiff's Complaint, these allegations are admitted.

30. In response to paragraph 30 of the Plaintiff's Complaint, it is admitted only that Officer Bowman was present at the hospital while medical personnel at Star Regional Medical Center performed a medical evaluation Mr. Ott. The remaining allegations contained in paragraph 30 are denied as written and strict proof is required thereof.

31. In response to paragraph 31 of the Plaintiff's Complaint, it is admitted that Officer Swafford arrived at Star Regional Medical Center on the night of the incident and conversed with Officer Bowman.

5

Case 1:21-cv-00191-KAC-SKL   Document 10   Filed 09/10/21   Page 5 of 19   PageID #: 73

32. In response to paragraph 32 of the Plaintiff's Complaint, these allegations are irrelevant, and nevertheless, do not pertain to this Defendant. Therefore, no answer is warranted and none is given.

33. In response to paragraph 33 of the Plaintiff's Complaint, it is admitted that Officer Bowman was present at Star Regional Medical Center while Mr. Ott was being evaluated by medical personnel. The remaining allegations in paragraph 33 are denied as written and strict proof is required thereof.

34. In response to paragraph 34 of the Plaintiff's Complaint, it is generally admitted that Bowman conversed with a number of people during the time Mr. Ott was in the Medical Center.

35. In response to paragraph 35 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

36. In response to paragraph 36 of the Plaintiff's Complaint, it is admitted that medical personnel at Star Regional Medical Center medically cleared Ott for transport to the jail.

37. In response to paragraph 37 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

38. In response to paragraph 38 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

39. In response to paragraph 39 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof. It is admitted that while at the car wash, handcuffs were placed upon Mr. Ott and were still on him during his transport to the Medical Center and at all times when he was located at the Medical Center.

40. In response to paragraph 40 of the Plaintiff's Complaint, it is admitted only that at some point Officer Swafford came to Officer Bowman's police car at the hospital.

41. In response to paragraph 41 of the Plaintiff's Complaint, these allegations are generally currently outside of the course and scope of knowledge of this Defendant. It is admitted generally that an exchange between two individuals at the scene consistent with the allegations contained in paragraph 41 occurred, but it is not currently known which individuals were speaking. Therefore, for the purposes of this Answer, these allegations are denied as written and strict proof is required thereof.

42. In response to paragraph 42 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

43. Plaintiff's Complaint does not contain a paragraph 43.

44. In response to paragraph 44 of the Plaintiff's Complaint, it is admitted that Ott was ultimately placed in Officer Bowman's patrol car. It is also admitted that at some point Ott was located on his front side, in the back seat of the patrol car. On information and belief, it is admitted that Ott was handcuffed at all times in which he was in Officer Bowman's patrol car. The remaining allegations are outside of the course and scope of knowledge of this Defendant. Therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof.

45. In response to paragraph 45 of the Plaintiff's Complaint, these allegations are currently outside of the course and scope of knowledge of this Defendant. Therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof. It is however admitted that an EMT was located at the driver's side rear door when Ott was inside the patrol car.

46. In response to paragraph 46 of the Plaintiff's Complaint, these allegations do not pertain to the City of Athens or Officers Bowman or Swafford, therefore, no answer is warranted and none is given.

47. In response to paragraph 47 of the Plaintiff's Complaint, these allegations are currently outside of the course and scope of knowledge of this Defendant. It is maintained that once Ott was inside the car, he kicked at Officer Bowman as Bowman was shutting the door. The remaining allegations are denied as written and strict proof is required thereof.

48. In response to paragraph 48 of the Plaintiff's Complaint, these allegations are currently outside of the course and scope of knowledge of this Defendant. It is generally admitted that Swafford shined a flashlight on Ott. The remaining allegations are denied as written and strict proof is required thereof.

49. In response to paragraph 49 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

50. In response to paragraph 50 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

51. In response to paragraph 51 of the Plaintiff's Complaint, these allegations do not pertain to the City of Athens or Officers Bowman or Swafford, therefore no answer is warranted and none is given. The remaining allegations are denied as written and strict proof is required thereof.

52. In response to paragraph 52 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

53. In response to paragraph 53 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

54. In response to paragraph 54 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

55. In response to paragraph 55 of the Plaintiff's Complaint, it is admitted that Swafford asked the EMT whether Ott was having a seizure.

56. In response to paragraph 56 of the Plaintiff's Complaint, it is admitted that the EMT stated that Ott was not having a seizure.

57. In response to paragraph 57 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

58. In response to paragraph 58 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

59. In response to paragraph 59 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

60. In response to paragraph 60 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

61. In response to paragraph 61 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof. It is generally admitted that Officer Bowman did tell Officer Swafford that he was taking Ott to jail.

62. In response to paragraph 62 of the Plaintiff's Complaint, these allegations are currently outside of the course and scope of knowledge of this Defendant. Therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof.

63. In response to paragraph 63 of the Plaintiff's Complaint, it is admitted that Swafford observed that Ott was bleeding when Ott was in the patrol car. The remaining allegations are denied as written and strict proof is required thereof.

64. In response to paragraph 64 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

65. In response to paragraph 65 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

66. In response to paragraph 66 of the Plaintiff's Complaint, it is admitted generally that "Clearwater" was discussed between Bowman and Swafford. The remaining allegations are denied as written and strict proof is required thereof.

67. In response to paragraph 67 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

68. In response to paragraph 68 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

69. In response to paragraph 69 of the Plaintiff's Complaint, it is admitted that Swafford mentioned the possibility of going "Code 3" to the jail. The remaining allegations are denied as written and strict proof is required thereof.

70. In response to paragraph 70 of the Plaintiff's Complaint, it is admitted that the term "Code 3" is contained in a portion of Athens Police Department's General Order 5.02 on patrol function. "Code 3," as contained in the General Orders, speaks for itself in the Department's General Orders.

71. In response to paragraph 71 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

72. In response to paragraph 72 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

73. In response to paragraph 73 of the Plaintiff's Complaint, it is admitted that Officer Swafford contacted Corporal Kristen Warren on the night of the incident and told her that Ott was "hurting his self." The remaining allegations in paragraph 73 are denied as written and strict proof is required thereof.

74. In response to paragraph 74 of the Plaintiff's Complaint, it is admitted that Officer Swafford was advised by Corporal Warren that the decedent could be seat belted into the seat of Bowman's patrol car. It is also admitted that Swafford stated that they did not have anything to strap Ott in with. It is also admitted that Ott was not restrained by the use of the seatbelt in the back of the patrol car during the short drive from the Medical Center to the jail. The remaining allegations in paragraph 74 are denied as written and strict proof is required thereof.

75. In response to paragraph 75 of the Plaintiff's Complaint, these allegations are denied as written.

76. In response to paragraph 76 of the Plaintiff's Complaint, it is admitted that Corporal Warren and Officer Swafford had a discussion regarding restraining Ott in Bowman's patrol car. It is also admitted, based on information and belief, that Ott was not placed "upright" or seat belted into the vehicle during his short transport from the Medical Center to the jail. The remaining allegations in paragraph 76 are denied as written and strict proof is required thereof.

77. In response to paragraph 77 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

78. In response to paragraph 78 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof. It is admitted that Ott was unresponsive to Officer Bowman upon arrival at the jail sally port. Once the officers realized that Ott was not breathing, attempts to resuscitate him began immediately.

79. In response to paragraph 79 of the Plaintiff's Complaint, these allegations are currently outside of the course and scope of knowledge of this Defendant. Therefore, for the purposes of this Answer, they are denied as written and strict proof is required thereof.

80. In response to paragraph 80 of the Plaintiff's Complaint, these allegations are denied and strict proof is required thereof.

81. In response to paragraph 81 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

82. In response to paragraph 82 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

83. In response to paragraph 83 of the Plaintiff's Complaint, it is admitted that the McMinn County Medical Examiner found that Ott died of a drug overdose.

84. In response to paragraph 84 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

85. In response to paragraph 85 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

86. In response to paragraph 86 of the Plaintiff's Complaint, these allegations are admitted. However, it is maintained that there is no basis for suit against this Defendant.

87. In response to paragraph 87 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

88. In response to paragraph 88 of the Plaintiff's Complaint, this Defendant restates its responses for paragraphs 1 through 87 of the Plaintiff's Complaint. The remaining allegations in paragraph 88 are denied.

89. In response to paragraph 89 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

90. In response to paragraph 90 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

91. In response to paragraph 91 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof. It is maintained that the City of Athens, Tennessee, complies with all requirements regarding training of its police officers pursuant to constitutional mandates, federal law, state law and generally accepted police practices.

92. In response to paragraph 92 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

93. In response to paragraph 93 of the Plaintiff's Complaint, it is denied that the City of Athens is liable to the Plaintiff under any theory.

94. In response to paragraph 94 of the Plaintiff's Complaint, this Defendant restates its responses to paragraphs 1 through 93 of the Plaintiff's Complaint.

95. In response to paragraph 95 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to the City of Athens, Tennessee, it is denied that the individual Defendants violated any duty of care owed under law to the Plaintiff.

96. In response to paragraph 96 of the Plaintiff's Complaint, these allegations to not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to the City of Athens they are denied and strict proof is required thereof.

97. In response to paragraph 97 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to the City of Athens, they are denied and strict proof is required thereof.

98. In response to paragraph 98 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to the City of Athens, they are denied as written and strict proof is required thereof.

99. In response to paragraph 99 of the Plaintiff's Complaint, it is admitted that Corporal Warren outranked both Bowman and Swafford at the time of the incident alleged in the Plaintiff's Complaint.

100. In response to paragraph 100 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

101. In response to paragraph 101 of the Plaintiff's Complaint, it is denied that any duty owed by the City was violated in any way as it relates to the allegations contained in Plaintiff's Complaint.

102. In response to paragraph 102 of the Plaintiff's Complaint, these allegations are denied and strict proof is required thereof.

103. In response to paragraph 103 of the Plaintiff's Complaint, these allegations are denied and strict proof is required thereof.

104. In response to paragraph 104 of the Plaintiff's Complaint, these allegations are denied as written and strict proof is required thereof.

105. In response to paragraph 105 of the Plaintiff's Complaint, it is admitted that Officers Bowman and Swafford were police officers of the City of Athens and were acting in that

capacity at all times relevant to the Plaintiff's allegations. The remaining allegations are denied and strict proof is required thereof.

106. In response to paragraph 106 of the Plaintiff's Complaint, it is admitted that the Plaintiff has sued the Defendants. It is denied that there is any basis for suit.

107. In response to paragraph 107 of the Plaintiff's Complaint, this Defendant restates its responses for paragraphs 1 through 106 of the Plaintiff's Complaint.

108. In response to paragraph 108 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to this Defendant, they are denied as written and strict proof is required thereof.

109. In response to paragraph 109 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to this Defendant, they are denied as written and strict proof is required thereof.

110. In response to paragraph 110 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to this Defendant, they are denied as written and strict proof is required thereof.

111. In response to paragraph 111 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to this Defendant, they are denied as written and strict proof is required thereof.

112. In response to paragraph 112 of the Plaintiff's Complaint, these allegations do not pertain to this Defendant, therefore, no answer is warranted and none is given. To the extent that these allegations pertain to this Defendant, they are denied as written and strict proof is required thereof.

113. In response to Plaintiff's demand for judgment, paragraphs A. through H. on pages 16 and 17 of the Plaintiff's Complaint, it is denied that joint several liability applies in this matter. It is also denied that the Plaintiff is entitled to any judgment against the City of Athens for any element of damages including but not limited to general damages, punitive damages, compensatory or actual damages, attorney fees and costs or discretionary costs. The remaining allegations contained in paragraphs A. through H. on pages 16 and 17 of the Plaintiff's Complaint are hereby denied as written and strict proof is required thereof.

114. It is maintained that, as a matter of law, the suit against Officers Bowman and Swafford in their official capacities is redundant, as such "official capacity" claims are nothing more than suit against the City of Athens, who is a named party. The official capacity claims against Officers Bowman and Swafford should therefore be dismissed.

115. It is maintained that Plaintiff's Complaint fails to state a claim for which relief can be granted as to this Defendant. Therefore, it is requested that this Honorable Court enter judgment on behalf of Defendant City of Athens, Tennessee.

116. It is maintained that the polices and procedures of the City of Athens, Tennessee and its police department comply with all federal and Tennessee state law, as well as all Constitutional requirements.

117. The training provided to its police officers by the City of Athens meets and exceeds the requirements of state law.

16
Case 1:21-cv-00191-KAC-SKL    Document 10    Filed 09/10/21    Page 16 of 19    PageID #: 84

118. The Defendants in this case were entitled to and did rely upon the determinations of the EMTs, doctors and other medical personnel involved in this matter as to whether Mr. Ott required medical care at all times during this matter.

119. This Defendant is entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

120. This Defendant pleads any and all defenses contained in the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq*. as it relates to Plaintiff's claims made pursuant to Tennessee state law. This Defendant is immune from suit for any alleged intentional tort under state law.

121. As a matter of law, Plaintiff cannot recover "punitive damages" against the City of Athens, Tennessee.

122. Anything not specifically admitted or denied as it pertains to Plaintiff's Complaint is hereby denied as written and strict proof is required thereof.

123. This Defendant reserves the right to amend this Answer pursuant to further investigation and discovery in this case.

124. This Defendant demands a jury trial pertaining to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

RESPECTFULLY submitted this 10th day of September, 2021.

CITY OF ATHENS, OFFICER JEREMY BOWMAN and
OFFICER BEAU SWAFFORD, in their official capacities


By: /s/Reid A. Spaulding, BPR No. 023363
REID A. SPAULDING, BPR NO. 023363
WATSON, ROACH, BATSON
& LAUDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

> Robin Ruben Flores
> 4110-A Brainerd Road
> Chattanooga, TN
> 423-267-1575
>
> W. Neil Thomas
> 6148 Lee Highway, Suite 115
> Chattanooga, TN 27421
> 423-910-9100
>
> Keith H. Grant
> ROBINSON, SMITH & WELLS, PLLC
> 633 Chestnut Street, Suite 700
> Chattanooga, Tennessee 37450
> 423-756-5051

Dated September 10, 2021.

> /s/Reid A. Spaulding, BPR No. 023363
> REID A. SPAULDING, BPR NO. 023363
> WATSON, ROACH, BATSON
> & LAUDERBACK, P.L.C.
> Attorneys at Law
> P.O. Box 131
> Knoxville, Tennessee 37901-0131
> (865) 637-1700